Joseph D. Miller, State Bar No. 109032
Jang Hyuk Im, State Bar No. 181836
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
jmiller@ebglaw.com
jim@ebglaw.com

Attorneys for Defendant,
QUEST DIAGNOSTICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA,<br><br>         Plaintiff,<br><br>    v.<br><br>QUEST DIAGNOSTICS, INC., NDM, LLC, and DOES 1-25, Inclusive,<br><br>         Defendants. | CASE NO. C 07-03881<br><br>**E-FILING**<br><br>**ANSWER TO COMPLAINT** |

Defendant Quest Diagnostics, Inc. ("Defendant") hereby answer Plaintiff Bonnie Regina's ("Regina" or "Plaintiff") Complaint as follows:

 1.   Defendant admits that it operates a facility located at 2519 Milvia Street, Berkeley, California. As to the rest of the factual allegations contained in paragraph 1, Defendant lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

 2.   The jurisdictional allegations in paragraph 2 are legal conclusions that do not require a response. To the extent any factual allegation exists, if any in this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

3. The venue allegation in paragraph 3 is a legal conclusion that does not require a response. To the extent there is any factual allegation in this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

4. To the extent there is any factual allegation in this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

5. Defendant admits that it operates a facility located at 2519 Milvia Street, Berkeley, California. As to any other factual allegations in paragraph 5, Defendant lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 6 and on that basis denies each and every allegation contained therein.

7. Defendant admits that it operates a facility located at 2519 Milvia Street, Berkeley, California. As to the rest of the factual allegations contained in paragraph 7, Defendant lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

8. Defendant repleads and incorporates by reference its responses to the allegations contained paragraphs 1 to 7 as set forth herein.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 9 and on that basis denies each and every allegation contained therein.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 10 and on that basis denies each and every allegation contained therein.

1  11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 11 and on that basis denies each and every allegation contained therein.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 12 and on that basis denies each and every allegation contained therein.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 13 and on that basis denies each and every allegation contained therein.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 14 and on that basis denies each and every allegation contained therein.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 15 and on that basis denies each and every allegation contained therein.  Defendant further denies Plaintiff is entitled to any relief requested in paragraph 15.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 16 and on that basis denies each and every allegation contained therein.  Defendant further denies Plaintiff is entitled to any relief requested in paragraph 16.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 17 and on that basis denies each and every allegation contained therein.  Defendant further denies Plaintiff is entitled to any relief requested in paragraph 17.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 18 and on that basis denies each and every allegation contained therein.  Defendant further denies Plaintiff is entitled to any relief requested in paragraph 18.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 19 and on that basis denies each and every allegation contained therein. Defendant further denies Plaintiff is entitled to any relief requested in paragraph 19.

20. Defendant repleads and incorporates by reference its responses to the allegations contained paragraphs 1 to 19 as set forth herein.

21. The Uhruh Civil Rights Act, California Civil Code §§ 51(b) and 51(f) mentioned in paragraph 21 are statements of law and legal conclusions that do not require a response. To the extent there is any factual allegation in this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 22 and on that basis denies each and every allegation contained therein. Defendant further denies Plaintiff is entitled to any relief requested in paragraph 22.

23. Defendant repleads and incorporates by reference its responses to the allegations contained paragraphs 1 to 22 as set forth herein.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 24 and on that basis denies each and every allegation contained therein.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 25 and on that basis denies each and every allegation contained therein.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 26 and on that basis denies each and every allegation contained therein.

27. Paragraph 27 is a statement of law and legal conclusion that does not require a response. To the extent there is any factual allegation in this paragraph, Defendant

1  lacks sufficient knowledge or information to form a belief as to their truth, and on that basis
2  denies them.
3      28.   Defendant lacks sufficient knowledge or information to form a belief as to
4  the truth of the factual allegations contained in paragraph 28 and on that basis denies each and
5  every allegation contained therein.
6      29.   Defendant lacks sufficient knowledge or information to form a belief as to
7  the truth of the factual allegations contained in paragraph 29 and on that basis denies each and
8  every allegation contained therein.
9      30.   Defendant lacks sufficient knowledge or information to form a belief as to
10 the truth of the factual allegations contained in paragraph 30 and on that basis denies each and
11 every allegation contained therein.
12     31.   Defendant lacks sufficient knowledge or information to form a belief as to
13 the truth of the factual allegations contained in paragraph 31 and on that basis denies each and
14 every allegation contained therein.  Defendant further denies Plaintiff is entitled to any relief
15 requested in paragraph 31.
16     32.   Defendant lacks sufficient knowledge or information to form a belief as to
17 the truth of the factual allegations contained in paragraph 32 and on that basis denies each and
18 every allegation contained therein.  Defendant further denies Plaintiff is entitled to any relief
19 requested in paragraph 32.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each of Plaintiff's claims fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims is barred, in whole or in part, by the applicable statute of limitations, laches, or other time limitations.

- 5 -

### THIRD AFFIRMATIVE DEFENSE

No covered alteration, structural repair, or addition to the premises located at 2519 Milvia Street, Berkeley, California has been made during the pertinent time periods.

### FOURTH AFFIRMATIVE DEFENSE

The alterations Plaintiff demands are, in whole or in part, not readily achievable, and not statutory violations.

### FIFTH AFFIRMATIVE DEFENSE

The alterations Plaintiff demands are, in whole or in part, not readily available, impractical, and excessively costly that would constitute an undue burden and fundamental alteration of the facility.

### SIXTH AFFIRMATIVE DEFENSE

Any and all decisions and actions of Defendant regarding the property were made in good faith and without the intent to discriminate or otherwise violate applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff were to prevail on some or all of their claims, the result would be an improper taking of Defendant's property and rights without appropriate compensation under applicable law, the United States Constitution and the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and did not knowingly or intentionally violate any law or regulation applicable to Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

Defendant's facility was an existing facility not subject to the applicable standards for newly constructed facilities as required by any state or federal law or regulation.

### TENTH AFFIRMATIVE DEFENSE

Defendant is not or has not engaged in discrimination based on disability within the meaning of federal or California laws prohibiting discrimination against disabled persons. Nor did Defendant have actual notice of any violation.

**ELEVENTH AFFIRMATIVE DEFENSE**

By reason of their own conduct and actions, Plaintiff waived her right to assert the claims in the Complaint and is barred from any relief sought therein.

**TWELFTH AFFIRMATIVE DEFENSE**

By reason of her own conduct, actions, or inaction, Plaintiff is estopped from asserting the claims set forth in the Complaint and therefore is barred from the relief sought therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that Plaintiff failed to mitigate damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is insufficient to state a claim for relief against Defendant because any damages suffered by Plaintiff were proximately caused by the conduct or omissions of other parties, persons or entities, for whose conduct or omissions Defendant is not responsible. And that conduct or omissions were intervening or superseding causes of the damages allegedly suffered.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Standards for Accessible Design, 28 C.F.R. pt. 36, app. A, promulgated by the U.S. Department of Justice apply only to new construction and alterations, as those terms are defined in Title III of the Americans with Disabilities Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any and all alterations, as defined in Title III of the ADA and applicable regulations, made to the facility at issue after January 26, 1992 were made so that: (a) To the maximum extent feasible, the altered portions of the facility, if any, are readily accessible to and usable by individuals with disabilities; and (b) to the maximum extent feasible, the path of travel to the altered portions, if any, of the primary function areas as well as the telephones, restrooms, and drinking fountains serving such areas are readily accessible to and usable by individuals with disabilities.

SF:149608v1  ANSWER TO COMPLAINT
CASE NO. C 07-03881

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which injunctive relief may be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Sufficient facts do not exist for an award of treble damages and such damages sought by Plaintiff would violate applicable standards under the U.S. and California Constitutions.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to raise additional affirmative and other defenses that may become applicable to plaintiff's claims herein.

Defendant reserves the right to amend this Answer to include additional affirmative defenses upon completion of discovery.

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by this action;
2. Defendant be awarded costs of suit and attorneys' fees herein; and
3. For such other and further relief as the Court deems proper.

DATED: September 18, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
Joseph D. Miller
Jang Hyuk Im

Attorneys for Defendant
QUEST DIAGNOSTICS, INC.