```
 1  HOWIE & SMITH, L.L.P.
    ATTORNEYS AT LAW
 2  1777 BOREL PLACE, SUITE 500
    SAN MATEO, CA 94402-3514
 3  TEL: (650) 685-9300
    FAX: (650) 685-3967
 4
    ROBERT G. HOWIE, SBN 057361
 5  AUDREY SMITH, SBN 180836

 6  ATTORNEYS FOR DEFENDANT NDM, LLC

 7
                    UNITED STATES DISTRICT COURT
 8
                   NORTHERN DISTRICT OF CALIFORNIA
 9

10

11  BONNIE REGINA,                    ) Case No. C07-03881JCS
                                      )
12              Plaintiff,            ) E-FILING
                                      )
13        v.                          ) ANSWER OF DEFENDANT NDM, LLC
                                      ) TO COMPLAINT
14  QUEST DIAGNOSTICS, INC., NDM,     )
    LLC; and DOES 1-25, Inclusive,    )
15                                    )
                Defendants.           )
16                                    )
```

17        Defendant, NDM, LLC ("defendant"), hereby answers the complaint of plaintiff, Bonnie

18  Regina's ("Regina" or "plaintiff") as follows:

19        1.   Defendant admits that it owns and leases as lessor property located at 2519 Milvia Street,

20  Berkeley, California. As to the rest of the factual allegations contained in paragraph 1, defendant lacks

21  sufficient knowledge or information to form a belief as to their truth and on that basis denies each and

22  every remaining factual allegation contained therein.

23        2.   The jurisdictional allegations in paragraph 2 are legal conclusions that do not require a

24  response. To the extent any factual allegation exists, if any in this paragraph, defendant lacks sufficient

25  knowledge or information to form a belief as to their truth, and on that basis denies them.

26        3.   The venue allegation in paragraph 3 is a legal conclusion that does not require a response.

27

28
                                        1
                                ANSWER TO COMPLAINT
                                CASE NO. C 07-03881JCS

1  To the extent there is any factual allegation in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

4.  To the extent there is any factual allegation in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

5.  Defendant admits that it owns and leases as lessor property located at 2519 Milvia Street, Berkeley, California. As to any other factual allegations in paragraph 5, defendant lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

6.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 6 and on that basis denies each and every allegation contained therein.

7.  Defendant admits that owns and leases as lessor property located at 2519 Milvia Street, Berkeley, California. As to the rest of the factual allegations contained in paragraph 7, defendant lacks sufficient knowledge or information to form a belief as tot heir truth and on that basis denies each and every remaining factual allegation contained therein.

## ANSWER TO FIRST CAUSE OF ACTION

8.  Defendant repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 7, as set forth herein.

9.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 9 and on that basis denies each and every allegation contained therein.

10.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 10 and on that basis denies each and every allegation contained therein.

11.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 11 and on that basis denies each and every allegation

1  contained therein.

2  12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
3  the factual allegations contained in paragraph 12 and on that basis denies each and every allegation
4  contained therein.

5  13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
6  the factual allegations contained in paragraph 13 and on that basis denies each and every allegation
7  contained therein.

8  14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
9  the factual allegations contained in paragraph 14 and on that basis denies each and every allegation
10 contained therein.

11 15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
12 the factual allegations contained in paragraph 15 and on that basis denies each and every allegation
13 contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 15.

14 16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
15 the factual allegations contained in paragraph 16 and on that basis denies each and every allegation
16 contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 16.

17 17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
18 the factual allegations contained in paragraph 17 and on that basis denies each and every allegation
19 contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 17.

20 18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
21 the factual allegations contained in paragraph 18 and on that basis denies each and every allegation
22 contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 18.

23 19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of
24 the factual allegations contained in paragraph 19 and on that basis denies each and every allegation
25 contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 19.

26
27
28

## ANSWER TO SECOND CAUSE OF ACTION

20. Defendant repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 19 as set forth herein.

21. The allegations of paragraph 21 are statements of law and legal conclusions that do not require a response. To the extent there is any factual allegation in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 22 and on that basis denies each and every allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 22.

## ANSWER TO THIRD CAUSE OF ACTION

23. Defendant repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 22 as set forth herein.

24. The allegations of paragraph 24 appear to be surplusage. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 24 and on that basis denies each and every allegation contained therein.

25. The allegations of paragraph 25 appear to be surplusage. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 25 and on that basis denies each and every allegation contained therein.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 26 and on that basis denies each and every allegation contained therein.

27. Paragraph 27 is a statement of law and legal conclusion that does not require a response. To the extent there is any factual allegation in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 28 and on that basis denies each and every allegation

1  contained therein.

2  29.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of
3  the factual allegations contained in paragraph 29 and on that basis denies each and every allegation
4  contained therein.

5  30.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of
6  the factual allegations contained in paragraph 30 and on that basis denies each and every allegation
7  contained therein.

8  31.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of
9  the factual allegations contained in paragraph 31 and on that basis denies each and every allegation
10  contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 31.

11  32.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of
12  the factual allegations contained in paragraph 32 and on that basis denies each and every allegation
13  contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 32.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

16  Each of plaintiff's claims fails to state facts sufficient to constitute a cause of action against
17  defendant.

**SECOND AFFIRMATIVE DEFENSE**

19  Plaintiff's claims is barred, in whole or in part, by the applicable statute of limitations, laches,
20  or other time limitations.

**THIRD AFFIRMATIVE DEFENSE**

22  No covered alteration, structural repair, or additions to the premises located at 2519 Milvia
23  Street, Berkeley, California, has been made during the pertinent time periods.

**FOURTH AFFIRMATIVE DEFENSE**

25  The alterations plaintiff demands are, in whole or in part, not readily achievable, and not statutory
26  violations.

**FIFTH AFFIRMATIVE DEFENSE**

The alterations plaintiff demands are, in whole or in part, not readily available, impractical, and excessively costly that would constitute an undue burden and fundamental alteration of the facility.

**SIXTH AFFIRMATIVE DEFENSE**

Any and all decisions and actions of defendant regarding the property were made in good faith and without the intent to discriminate or otherwise violate applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

If plaintiff were to prevail on some or all of her claims, the result would be an improper taking of defendant's property and rights without appropriate compensation under applicable law, the United States Constitution and the California Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith and did not knowingly or intentionally violate any law or regulation applicable to plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's facility was an existing facility not subject to the applicable standards for newly constructed facilities as required by any state or federal law or regulation.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is not or has not engaged in discrimination based on disability within the meaning of federal or California laws prohibiting discrimination against disable persons. Nor did defendant have actual notice of any violation.

**ELEVENTH AFFIRMATIVE DEFENSE**

By reason of her own conduct and actions, plaintiff waived her right to assert the claims in the complaint and is barred from any relief sought therein.

**TWELFTH AFFIRMATIVE DEFENSE**

By reason of her own conduct, actions, or inaction, plaintiff is estopped from asserting the claims set forth in the complaint, and therefore, is barred from the relief sought therein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that plaintiff failed to mitigate damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is insufficient to state a claim for relief against defendant because any damages suffered by plaintiff were proximately caused by the conduct or omissions of other parties, persons, or entities, for whose conduct or omissions defendant is not responsible. And that conduct or omissions were intervening or superseding causes of the damages allegedly suffered.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Standards for Accessible Design, 28 C.F.R. pt. 26, app. A, promulgated by the U.S. Department of Justice apply only to new construction and alterations, as those terms are defined in Title III of the Americans with Disabilities Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any and all alterations, as defined in Title III of the ADA and applicable regulations, made to the facility at issue after January 26, 1992, were made so that: (a) To the maximum extent feasible, the altered portions of the facility, if any, are readily accessible to and usable by individuals with disabilities; and (b) to the maximum extent feasible, the path of travel to the altered portions, if any, of the premises function areas as well as the telephones, restrooms, and drinking fountains serving such areas are readily accessible to and usable by individuals with disabilities.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The complaint, in whole or in part, fails to state a claim upon which injunctive relief may be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Sufficient facts do not exist for an award of treble damages and such damages sought by plaintiff would violate applicable standards under the U.S. and California Constitutions.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to raise additional affirmative and other defenses that may become

1 applicable to plaintiff's claims herein.

2 Defendant reserves the right to amend this answer to include additional affirmative defenses upon completion of discovery.

WHEREFORE, defendant prays that:

1. Plaintiff take nothing by this action.
2. Defendant be awarded costs of suit and attorneys' fees herein; and
3. For such other and further relief as the court deems proper.

DATED: October 11, 2007

HOWIE & SMITH, LLP

By: _____
Robert G. Howie, attorneys for
Defendant NDM, LLC

**HOWIE & SMITH, L.L.P.**
ATTORNEYS AT LAW
1777 BOREL PLACE, SUITE 500
SAN MATEO, CA 94402-3514
TEL: (650) 685-9300
FAX: (650) 685-3967

ROBERT G. HOWIE, SBN 057361
AUDREY SMITH, SBN 180836

ATTORNEYS FOR DEFENDANT NDM, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BONNIE REGINA,

    Plaintiff,

v.

QUEST DIAGNOSTICS, INC., NDM, LLC; and DOES 1-25, Inclusive,

    Defendants.

Case No. C07-03881JCS

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: October 11, 2007

HOWIE & SMITH, L.L.P.

By: _____
Robert G. Howie,
Attorneys for Defendant NDM, LLC

1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

**HOWIE & SMITH, L.L.P.**
ATTORNEYS AT LAW
1777 BOREL PLACE, SUITE 500
SAN MATEO, CA 94402-3514
TEL: (650) 685-9300
FAX: (650) 685-3967

ROBERT G. HOWIE, SBN 057361
AUDREY SMITH, SBN 180836

ATTORNEYS FOR DEFENDANT NDM, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC., NDM, LLC; and DOES 1-25, Inclusive,<br><br>　　　　　Defendants. | Case No. C07-03881JCS<br><br>**DEMAND OF DEFENDANT NDM, LLC FOR JURY TRIAL** |

Defendant, NDM, LLC, demands a jury for all claims, subject matter and issues herein.

Dated: October 11, 2007

　　　　　　　　　　　　　　　　　**HOWIE & SMITH, L.L.P.**

　　　　　　　　　　　　　　　　　By: _/s/ Robert G. Howie, Audrey Smith_
　　　　　　　　　　　　　　　　　　　Robert G. Howie, Audrey Smith
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant NDM, LLC

1

DEFENDANT NDM, LLC DEMAND FOR JURY TRIAL