JACK C. PROVINE, SBN 052090
KATHRYN J. ALLEN, SBN 196544
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 N. California Blvd., Suite 350
Walnut Creek, CA 94596
Telephone:    (925) 944-9700
Facsimile:    (925) 944-9701

Attorneys for Defendant and Cross-claimant
NDM, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA,<br><br>               Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC., NDM, LLC; and DOES 1-25, Inclusive,<br><br>               Defendants. | Case No. C07-03881JCS<br><br>**DEFENDANT NDM, LLC'S FIRST AMENDED ANSWER AND CROSS CLAIMS AGAINST DEFENDANT QUEST DIAGNOSTICS, INC.; DEMAND FOR JURY TRIAL** |
| NDM, LLC,<br><br>               Cross-Claimant,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC. and DOES 1-25, Inclusive,<br><br>               Cross-Defendant. | |

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

FIRST AMENDED ANSWER AND CROSS-CLAIMS

## Answer

Defendant NDM, LLC ("defendant"), hereby answers the complaint of plaintiff Bonnie Regina ("Regina" or "plaintiff") as follows:

1.    Defendant admits that it owns and leases as lessor property located at 2519 Milvia Street Berkeley, California As to the rest of the factual allegations contained in paragraph 1, defendant lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

2.    The jurisdictional allegations in paragraph 2 are legal conclusions that do not require response. To the extent any factual allegation exists, if any in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

3.    The venue allegation in paragraph 3 is a legal conclusion that does not require a response.  To the extent there is any factual allegation in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

4.    To the extent there is any factual allegation in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

5.    Defendant admits that it owns and leases as lessor property located at 2519 Milvia Street. Berkeley, California. As to any other factual allegations in paragraph 5, defendant lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

6.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 6 and on that basis denies each and every allegation contained therein.

7.    Defendant admits that owns and leases as lessor property located at 2519 Milvia Street. Berkeley, California. As to the rest of the factual allegations contained in paragraph 7, defendant lacks sufficient knowledge or information to form a belief as tot heir truth and on that

SHAPIRO BUCHMAN PROVINE & PATTON LLP ATTORNEYS AT LAW WALNUT CREEK    206209.1  30208-001

FIRST AMENDED ANSWER AND CROSS-CLAIMS

basis denies each and every remaining factual allegation contained therein.

## ANSWER TO FIRST CAUSE OF ACTION

8.    Defendant repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 7, as set forth herein.

9.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 9 and on that basis denies each and every allegation contained therein.

10.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 10 and on that basis denies each and every allegation contained therein.

11.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph ii and oil that basis denies each and every allegation contained therein.

12.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 12 and on that basis denies each and every allegation contained therein.

13.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 13 and on that basis denies each and every allegation contained therein.

14.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 14 and on that basis denies each and every allegation contained therein.

15.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 15 and on that basis denies each and every allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 15.

16.    Defendant lacks sufficient knowledge or information to form a belief as to the

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-3-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

truth of the factual allegations contained in paragraph 16 and on that basis denies each and every allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 16.

17.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 17 and on that basis denies each and every allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 17.

18.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 18 and on that basis denies each and every allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 18.

19.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 19 and on that basis denies each and every allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 19.

### ANSWER TO SECOND CAUSE OF ACTION

20.      Defendant repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 19 as set forth herein.

21.      The allegations of paragraph 21 are statements of law and legal conclusions that do not require a response. To the extent there is any factual allegation, in this paragraph, defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

22.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 22 and on that basis denies each and every allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested in paragraph 22.

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-4-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

1

## ANSWER TO THIRD CAUSE OF ACTION

2

23.      Defendant repleads and incorporates by reference its responses to the allegations

3

contained in paragraphs 1 to 22 as set forth herein.

4

24.      The allegations of paragraph 24 appear to be surplusage. Defendant lacks

5

sufficient knowledge or information to form a belief as to the truth of the factual allegations

6

contained in paragraph 24 and on that basis denies each and every allegation contained therein.

7

25.      The allegations of paragraph 25 appear to be surplusage. Defendant lacks

8

sufficient knowledge or information to form a belief as to the truth of the factual allegations

9

contained in paragraph 25 and on that basis denies each and every allegation contained therein.

10

26.      Defendant lacks sufficient knowledge or information to form a belief as to the

11

truth of the factual allegations contained in paragraph 26 and on that basis denies each, and every

12

allegation contained therein.

13

27.      Paragraph 27 is a statement of law and legal conclusion that does not require a

14

response.  To the extent there is any factual allegation in this paragraph, defendant lacks sufficient

15

knowledge or information to form a belief as to their truth, and on that basis denies them.

16

28.      Defendant lacks sufficient knowledge or information to form a belief as to the

17

truth of the factual allegations contained in paragraph 28 and on that basis denies each and. every

18

allegation contained therein.

19

29.      Defendant lacks sufficient knowledge or information to form a belief as to the

20

truth of the factual allegations contained in paragraph 29 and on that basis denies each and every

21

allegation contained therein.

22

30.      Defendant lacks sufficient knowledge or information to form a belief as to the

23

truth of the factual allegations contained in paragraph 30 and on that basis denies each and every

24

allegation contained therein.

25

31.      Defendant lacks sufficient knowledge or information to form a belief as to the

26

truth of the factual allegations contained in paragraph 31 and on that basis denies each and every

27

allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested

28

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-5-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

1    in paragraph 31.

2        32.     Defendant lacks sufficient knowledge or information to form a belief as to the

3 truth of the factual allegations contained in paragraph 32 and on that basis denies each and every

4 allegation contained therein. Defendant further denies plaintiff is entitled to any relief requested

5 in paragraph 32.

6

7 

## AFFIRMATIVE AND OTHER DEFENSES
## FIRST AFFIRMATIVE DEFENSE

8

9      Each of plaintiff's claims fails to state facts sufficient to constitute a cause of action

10 against defendant.

11 

## SECOND AFFIRMATIVE DEFENSE

12      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations,

13 laches, or other time limitations

14 

## THIRD AFFIRMATIVE DEFENSE

15      No covered alterations, structural repairs, or additions to the premises located at 2519

16 Milvia Street, Berkeley, California, have been made during the pertinent time periods.

17 

## FOURTH AFFIRMATIVE DEFENSE

18      The alteration's plaintiff demands are, in whole or in part, not readily achievable, and not

19 statutory violations.

20 

## FIFTH AFFIRMATIVE DEFENSE

21      The alterations plaintiff demands are, in whole or in part, not readily available,

22 impractical, and excessively costly that would constitute an undue burden and fundamental

23 alteration of the facility.

24 

## SIXTH AFFIRMATIVE DEFENSE

25      Any and all decisions and actions of defendant regarding the property were made in good

26 faith and without the intent to discriminate or otherwise violate applicable law.

27

28

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-6-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiff were to prevail on some or all of her claims, the result would be an improper taking of defendant's property and rights without appropriate compensation under applicable law, the United States Constitution and the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and did not knowingly or intentionally violate any law or regulation applicable to plaintiff

### NINTH AFFIRMATIVE DEFENSE

Defendant's facility was an existing facility not subject to this applicable standards for newly constructed facilities as required by any state or federal law or regulation.

### TENTH AFFIRMATIVE DEFENSE

Defendant is not or has not engaged in discrimination based on disability within the meaning of federal, or California laws prohibiting discrimination against disabled persons. Nor did defendant have actual notice of any violation.

### ELEVENTH AFFIRMATIVE DEFENSE

By reason of her own conduct and actions, plaintiff waived her right to assert the claims in the complaint and is barred from any relief sought therein.

### TWELFTH AFFIRMATIVE DEFENSE

By reason of her own conduct, actions, or inaction, plaintiff is estopped from asserting the claims set forth in the complaint, and therefore, is barred from the relief sought therein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that plaintiff failed to mitigate damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is insufficient to state a claim for relief against defendant because any damages suffered by plaintiff were proximately caused by the conduct or omissions of other parties, persons, or entities, for whose conduct or omissions defendant is not responsible. And that conduct or omissions were intervening or superseding causes of the damages allegedly

SHAPIRO BUCHMAN PROVINE & PATTON LLP ATTORNEYS AT LAW WALNUT CREEK
206209.1
30208-001
FIRST AMENDED ANSWER AND CROSS-CLAIMS

1   suffered.

2   ### FIFTEENTH AFFIRMATIVE DEFENSE

3       The Standards for Accessible Design, 28 C.F.R. pt. 26, app. A, promulgated by the U.S.

4   Department of Justice, apply only to new construction and alterations, as those terms are defined

5   in Title III of the Americans with Disabilities Act.

6   ### SIXTEENTH AFFIRMATIVE DEFENSE

7       Any and all alterations, as defined in Title III of the ADA and applicable regulations,

8   made to the facility at issue after January 26, 1992, were made so that: (a) To the maximum

9   extent feasible, the altered portions of the facility, if any, are readily accessible to and usable by

10  individuals with disabilities; and (b) to the maximum extent feasible, the path of travel to the

11  altered portions, if any, of the premises' function areas as well as the telephones, restrooms, and

12  drinking fountains serving such areas are readily accessible to and usable by individuals with

13  disabilities.

14  ### SEVENTEENTH AFFIRMATIVE DEFENSE

15      The complaint, in whole or in part, fails to state a claim upon which injunctive relief may

16  be granted.

17  ### EIGHTEENTH AFFIRMATIVE DEFENSE

18      Sufficient facts do not exist for an award of treble damages and such damages sought by

19  plaintiff would violate applicable standards under the U.S. and California Constitutions.

20  ### NINETEENTH AFFIRMATIVE DEFENSE

21      Plaintiff's injuries and damages, if any, were caused in whole or in part by other

22  tortfeasors, and this answering Defendant is not liable for such injuries or damages as were

23  caused by those other persons and entities. Such other tortfeasors were negligent, reckless, or

24  acted intentionally with respect to the matters alleged in the Compliant; and such negligence,

25  recklessness, or intentional acts wholly or partially caused or contributed to the injuries and

26  damages, if any, sustained by Plaintiff. Accordingly, in equity any injuries, damages, or

27  obligation for injunctive relief resulting from the matters alleged in the Complaint should be

28

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001                                        -8-                    FIRST AMENDED ANSWER AND CROSS-CLAIMS

apportioned wholly or partially to others, and any responsibility of this answering Defendant to provide compensation or perform injunctive relief should be barred or reduced consistent with the comparative fault of others.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves its right to raise additional affirmative and other defenses that may become applicable to plaintiff's claims herein.

Defendant reserves the right to amend this answer to include additional affirmative defenses upon completion of discovery.

### Prayer for Relief

WHEREFORE, defendant prays that:

1.    Plaintiff take nothing by this action.

2.    Defendant be awarded costs of suit and attorneys' fees herein; and

3.    For such other and further relief as the court deems proper.

### CROSS CLAIMS

Cross-Claimant, NDM, LLC (hereafter "Cross-Claimant") by its attorneys, alleges as follows against Co-Defendant QUEST DIAGNOSTICS, INC. (hereafter "Cross-Defendant"):

### I. JURISDICTION AND VENUE

1.    Cross-Claimant alleges cross-claims for breach of written lease agreement, contractual indemnity, and equitably indemnity.

2.    This Court has original subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*.  This Court has pendent jurisdiction, attendant, and related claim jurisdiction over the California state law claims in the underlying action pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.  Since the cross claims relate to the same transaction(s), occurrence(s) and property that is the subject matter of the underlying action, the cross claims are ancillary to the underlying action, giving this Court subject matter jurisdiction and pendent jurisdiction over the cross-claims.

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-9-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

3.    This Court has personal jurisdiction over the Cross-Defendant because Cross-Defendant has appeared in the underlying action by filing an Answer to the Complaint.

4.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events or omissions giving rise to the cross claims occurred in this district and the real property that is the subject of the cross claims is situated in this district.

## II. THE PARTIES

5.    Cross-claimant is now and at all times mentioned in this pleading was, a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in Berkeley, California.

6.    At all times relevant to these Cross-claims, Cross-defendant was and is the owner, operator, and/or lessee of the subject business, premises, public facilities and property, a Quest Diagnostics facility in Berkeley, California.  The true names and capacities of Does 1-25, inclusive, are unknown to Cross-claimant who therefore sues said defendants by such fictitious names.  Cross-claimant is informed and believes that each of the defendants herein designated as Does is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Cross-claimant; Cross-claimant prays leave of Court to amend these cross-claims to show such true names and capacities when the same have been ascertained.

## III. FACTS

7.    Cross-claimant is the record owner of the subject real property, utilized since 2001 as a Quest Diagnostics medical office building located at 2519 Milvia Street, Berkeley, California, in close proximity to Herrick Hospital (the "Property").  Cross-defendant, Quest Diagnostics, Inc., provides laboratory, diagnostic, and other medical services to patients at the Property. On or about September 12, 2001 Cross-claimant and Cross-defendant's predecessor in interest entered into a written lease agreement for the Property ("Lease").  On or about October 11, 2004 Cross-defendant exercised, in writing, an Option to renew the Lease in accordance with paragraph 35 of the Lease for an additional three (3) year term, commencing on September 1, 2004 and continuing until August 31, 2007.  After the expiration of the Lease on August 31,

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-10-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

2007, cross-defendant remained in possession of the premises as a hold-over tenant.  On information and belief, Cross-defendant remains in possession as a hold-over tenant.

8.      Relevant provisions of the Lease are as follows:  Paragraph 3 of the Lease provides that "[t]he premises are to be used for laboratory, patient services center and offices only."  Paragraph 6 of the Lease requires that "Lessee shall comply with all applicable statutes, ordinances and regulatory requirements of all municipal, state and federal authorities now in force, or which may hereinafter be in force pertaining to the premises, occasioned by or affecting the use thereof by Lessee…"   Moreover, paragraph 7 of the Lease provides that "Lessee acknowledges that the premises are in good order and repair, unless otherwise indicated herein.  Lessee shall at his own expense & at all times maintain the premises in good and safe condition…"  Further, paragraph 43 of the Lease states:  "No improvements by Lessor."  Paragraph 9 of the Lease provides that "Lessor shall not be liable for any damage or injury to Lessee, or any other person, or to any property, occurring on the demised premises or any part thereof, and Lessee agrees to hold Lessor harmless form any claims for damages no matter how caused…".

9.      On  July 30, 2007 Plaintiff (and Quest Diagnostics patient) Bonnie Regina filed the underlying action, naming both Cross-claimant and Cross-defendant, alleging numerous federal and state disability access violations with respect to the Property.  Plaintiff seeks injunctive relief, statutory damages, general damages, treble damages, statutory attorney fees, litigation expenses, costs, prejudgment interest, and other relief.

10.     On January 4, 2008 Cross-claimant's counsel wrote a letter to Cross-defendant demanding defense and indemnity in the underlying case in accordance with Paragraph 9 of the Lease.  On or about January 8, 2008 Cross-defendant declined to accept such defense and indemnity.

**FIRST CROSS CLAIM**

**(Breach of Written Lease)**

11.  Plaintiff realleges and incorporates paragraphs 1-10 above.

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-11-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

12. On or about September 12, 2001, Cross-claimant and Cross-defendant's predecessor in interest entered into the subject written Lease.

13. Cross-defendant breached the Lease by, *inter alia*, failing to comply with statutes and ordinances as required by paragraph 6 of the Lease; failing to maintain, repair and/or alter the Property as required by paragraph 7 of the Lease; and by failing to indemnify, defend, and hold harmless Cross-claimant as required by paragraph 9 of the Lease.

14. Cross-claimant has performed all covenants, conditions and duties required by it to be performed pursuant to the Lease, except for those that have been prevented, delayed or excused by acts or omissions of Cross-defendant.

15. As a result of Cross-defendant's breach of the foregoing Lease, Cross-claimant sustained (and continues to sustain), damages in an amount according to proof. Additionally, Cross-claimant may incur liability in the form of injunctive relief in the underlying action for repair and alteration of the Property and compliance with federal and state disability access laws, all of which Cross-defendant is liable for under the Lease.

WHEREFORE, plaintiff demands judgment as set forth below.

## SECOND CROSS CLAIM

### (Contractual Indemnity)

16. Plaintiff incorporates by reference paragraphs 1 through 15 above.

17. Cross-claimant was named as a co-defendant in the underlying lawsuit for ADA and California disability access violations. Without admitting the allegations of the underlying case, if Plaintiff Bonnie Regina ultimately recovers against Cross-claimant, and for the sums already expended, Cross-Claimant is entitled to indemnity and contribution from Cross-defendant on the basis of the written Lease between the parties.

WHEREFORE, Cross-Claimant prays judgment as set forth below.

## THIRD CROSS CLAIM

### (Equitable Indemnity)

18. Cross-Claimant incorporates by reference paragraphs 1 through 17 above.

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-12-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

19.  As a direct and proximate result of the acts or omissions of Cross-defendant, Cross-Claimant is required to act in the protection of its own interests by defending against the underlying action and bringing this action against Cross-defendant. Cross-Claimant is without fault with respect to the matters alleged in the underlying action, and any other claim or action arising directly or indirectly from the matters described therein.  If and to the extent Cross-Claimant has any liability in the underlying action, such liability of Cross-Claimant is purely secondary, imputed, vicarious, or technical; and primary liability attaches to Cross-defendant, and is attributable to its acts, omissions, and particular use of the Property.

20. Accordingly, Cross-defendant is liable to Cross-Claimant for indemnity and contribution for any and all monetary damages, statutory damages, injunctive relief, punitive damages, attorney fees, and/or costs that Cross-Claimant is found liable for.

WHEREFORE, Cross-Claimant prays judgment as set forth below.

### Prayer for Relief

WHEREFORE, plaintiff requests that the court enter a judgment in favor of Cross-claimant:

1.  For breach of lease damages in an amount according to proof;

2.  For contractual indemnity and contribution according to proof, including the cost to perform injunctive relief, statutory damages, general damages, treble damages, Plaintiff's statutory attorney fees, litigation expenses, costs, prejudgment interest, and/or other sums payable to Plaintiff in the underlying action;

3.  For equitable indemnity and contribution according to proof, including the cost to perform injunctive relief, statutory damages, general damages, treble damages, Plaintiff's statutory attorney fees, litigation expenses, costs, prejudgment interest, and/or other sums payable to Plaintiff in the underlying action;

4.  For reasonable attorney fees and costs; and

//

//

//

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-13-

FIRST AMENDED ANSWER AND CROSS-CLAIMS

1

5.  Any other and further relief that the Court considers proper.

2

Dated:  February 19, 2008                    SHAPIRO BUCHMAN PROVINE & PATTON LLP

3

4

5                                                    _____/s/ Jack C. Provine_____
                                                        Jack C. Provine,
6                                                Attorneys for Defendant NDM, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

FIRST AMENDED ANSWER AND CROSS-CLAIMS

1

### Demand for Jury Trial

2

NDM, LLC hereby demands a trial by jury on all issues so triable.

3

4

Dated: February 19, 2008          SHAPIRO BUCHMAN PROVINE & PATTON LLP

5

6

_____/s/ Jack C. Provine_____

7

Jack C. Provine,
Attorneys for Defendant NDM, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

206209.1
30208-001

-15-

FIRST AMENDED ANSWER AND CROSS-CLAIMS