Steven R. Blackburn, State Bar No. 154797
Joseph D. Miller, State Bar No. 109032
Jang H. Im, State Bar No. 181836
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
jmiller@ebglaw.com
jim@ebglaw.com

Attorneys for Defendant/Cross-Claimant,
QUEST DIAGNOSTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA,<br><br>    Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC.; NDM, LLC; and DOES 1-25, inclusive,<br><br>    Defendants.<br><br>QUEST DIAGNOSTICS, INC.;<br><br>    Cross-Claimant,<br><br>v.<br><br>NDM, LLC., and DOES 1-25, inclusive,<br><br>    Cross-Defendants | CASE NO. C 07-03881-JCS<br><br>E-Filing<br><br>**DEFENDANT/CROSS-CLAIMANT QUEST DIAGNOSTICS, INC.'S CROSS-CLAIM AGAINST DEFENDANT/CROSS-DEFENDANT NDM, LLC** |

Defendant and Cross-Claimant Quest Diagnostics, Inc. ("Quest") assert the following causes of action against Defendant/Cross-Defendant NDM, LLC ("NDM"):

## GENERAL ALLEGATIONS

1. Quest is now, and at all times herein mentioned is and was, a corporation authorized to do and is doing business in the State of California.

2. Quest is informed and believes and on that basis alleges that Cross-Defendant, NDM is, and at all times herein mentioned is and/or was a corporation, partnership, joint venture or other business entity authorized to do and is, and/or was, doing business in the State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Cross-Defendants Does 1 through 25, inclusive, are unknown to Quest who, therefore, sues said Cross-Defendants by such fictitious names and will ask leave of Court to show their true names and capacities when the same have been ascertained.

4. Quest is informed and believes, and thereupon alleges, that at all times herein mentioned, NDM is and/or was the agent, servant, representative, and employee of the other Cross-Defendants, and each of them, and in doing the things herein alleged, were acting within the course and scope of such agency and employment.

5. Quest is informed and believes, and thereupon alleges, that each of said Cross-Defendants are negligently, or in some other actionable manner, legally responsible for proximately causing the events, happenings and occurrences referred to herein and are obligated to indemnify Quest herein.

6. Plaintiff Bonnie Regina filed a Complaint for Damages, "Complaint", on July 30, 2007 in which she alleges the 2519 Milvia Avenue, Berkeley, California premises ("Milvia premises") is inaccessible to the disabled—a violation of the American with Disabilities Act ("ADA") and the California Unruh Act ("the Act"). Regina named Quest and NDM as defendants. Regina, who is disabled, contends that the public entrances leading into the Milvia premises are inaccessible to the disabled. She further contends the restrooms were too small for her to enter and provide urinalysis samples. As a result, she alleges she had to go to a nearby hospital to provide her samples. She also contends the hallways and parking lots are not ADA and the Act compliant. She seeks monetary damages and equitable relief as well as attorney fees and costs.

7. Quest is informed and believes and on that basis alleges that Cross-Defendant, NDM has owned the Milvia premises since approximately 1996 and perhaps longer.

8. Unilab Corp. ("Unilab") originally leased the Milvia premises from NDM for a three-year term beginning in 2001. Quest purchased Unilab in 2003 and assumed the lease. When the lease terminated in 2004, NDM and Quest extended it for an additional three years. The extension terminated on August 31, 2007. Since then, Quest has been in possession of the Milvia location on a month-to-month tenancy. Quest served NDM with a 30 day notice to quit possession of the premises on or about January 29, 2008. Accordingly, Quest will have no interest in the Milvia premises after February 29, 2008.

9. Quest is informed and believes, and on that basis alleges that the Milvia premises has been used as a medical office since 1957. Neither Quest nor Unilab ever made any alterations, structural repairs, additions, or modifications to the building or its immediate surroundings.

10. Quest used the Milvia premises for its intended purpose as a medical office. Specifically, patients came into the Milvia premises to provide blood and urine samples for medical testing. Quest has never used the Milvia location for any other purpose but as a medical office.

11. Quest is informed and believes, and on that basis alleges that NDM, at all relevant times, is and has been the owner of the Milvia premises, and is and has been responsible for ensuring that the Milvia premises complies with all applicable state and federal accessibility requirements, including the American with Disabilities Acts and the California Unruh Act by, *inter alia*, making all readily achievable modifications/alterations to guarantee access to disabled patrons.

12. As owner of the Milvia premises, NDM is responsible to Quest for any damages and attorney fees Quest is found liable to Regina by her Complaint, as well as other attorney fees and costs Quest had incurred in defending Regina's lawsuit against it.

### FIRST CROSS CLAIM

(Implied Indemnity Against NDM)

13. Quest realleges and incorporates herein by this reference each and every allegation of paragraphs 1 through 12 of this Cross-Claim.

-3-

14.  Quest is incurring and has incurred attorney's fees, court costs, investigative costs, and other costs in connection with defending said Complaint, the exact amount which is unknown at this time. When the same has been ascertained, Quest will seek leave of the court to amend this cross-claim to set forth the true nature and amount of said costs and expenses.

15.  If Quest is held liable or responsible to Plaintiff for damages as alleged in the Complaint, it will solely be due to the conduct of NDM, as herein alleged. Therefore, Quest is entitled to be indemnified by said NDM.

16.  If Quest is held liable or responsible to Plaintiff for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of NDM.

17.  Quest is entitled to complete indemnification by NDM for any sum or sums for which Quest may be adjudicated liable to Plaintiff, including but not limited to the cost of defense, costs of suit, and reasonable attorney fees incurred therefrom.

## SECOND CROSS CLAIM

(Comparative Indemnity Against NDM)

18.  Quest realleges and incorporates herein by this reference each and every allegation of paragraphs 1 through 17 of this Cross-Claim.

19.  Quest contends that it is in no way legally responsible for the events giving rise to the Plaintiff's causes of action in her Complaint, or legally responsible in any other manner for the damages allegedly sustained by the Plaintiff in her Complaint. However, if as a result of the matters alleged in her Complaint, Quest is held liable for any or all damages asserted in Plaintiff's Complaint, NDM, to the extent that its fault was a proximate cause of Plaintiff's damages and/or losses, are responsible for said damages and/or losses, in proportion to its comparative negligence and Quest is entitled to a determination of several liability.

20.  By reason of the foregoing, Quest is entitled to indemnity from NDM for all costs, fees, expenses, settlements, and judgments paid by and incurred by Quest in connection with this litigation.

### THIRD CROSS CLAIM

(Equitable Indemnity Against NDM)

21. Quest realleges and incorporates herein by this reference each and every allegation of paragraphs 1 through 20 of this Cross-Claim.

22. Quest alleges that it is in no way legally responsible for the events giving rise to the Plaintiff's causes of action and is not legally responsible in any manner for the damaged allegedly sustained in her Complaint. If contrary to the foregoing allegations, Quest herein is held to be liable for all or any part of the claim for damages asserted against it by Plaintiff, then Quest is informed and believes, and based upon such information and belief, alleges that NDM was negligent, misrepresented certain facts, failed to reveal facts it knew or should have known, and breached fiduciary duties.

23. Quest is informed and believes at this time that the above acts or forbearances to act, by NDM was the proximate cause of Plaintiff's damages and/or losses.

24. By reason of the foregoing, NDM is responsible and liable for Plaintiff's damages in direct proportion to the extent of its acts done in bringing about the said damages. If Quest is found to be responsible for any of the damages of the Plaintiff, then Quest is entitled to judgment over and against NDM in an amount proportionate to the amount of Quest's financial responsibility for such damages that exceed its portion of responsibility, if any.

### FOURTH CROSS CLAIM

(Contribution Against NDM)

25. Quest realleges and incorporates herein by this reference each and every allegation of paragraphs 1 through 24 of this Cross-Claim.

26. Quest contends that it is not responsible for any of damages alleged in Plaintiff's Complaint. However, if as a result of the matters alleged in Plaintiff's Complaint, Quest is held liable for any or all of Plaintiff's alleged damages, NDM is obligated to reimburse and is liable to Quest for all or any liability so assessed by way of contribution, and Quest accordingly asserts herein such right to contribution.

### FIFTH CROSS CLAIM

(NDM Will Be Unjustly Enriched)

27. Quest realleges and incorporates herein by this reference each and every allegation of paragraphs 1 through 26 of this Cross-Claim.

28. Quest contends Regina's Complaint for damages includes a claim for injunctive relief to correct the alleged ADA and the Act's violations at the Milvia premises. Should Quest be held liable to Regina to correct such violations, Quest alleges NDM will receive the benefit of such injunctive relief and be unjustly enriched. NDM shall be obligated to reimburse Quest for the full-amount of the corrective action to prevent such unjust enrichment.

29. WHEREFORE, Cross-Claimant prays judgment as set forth below.

30. For a declaration of Quest's rights and duties;

31. For an order of the court declaring the percentage of fault, if any, between Quest and Cross-Defendant, and each of them, for damages and losses allegedly caused to Plaintiff;

32. For an order of the court awarding judgment in favor of Quest against Cross-Defendant, and each of them, based upon the relative percentage of fault of each party;

33. For an order of this court that Quest is entitled to be fully indemnified by Cross-Defendant, and each of them, for any and all settlements or compromises and/or judgments entered into by Quest as a result of this action;

34. For attorney fees, court costs, investigative costs, and other expenses incurred in defense of the Complaint according to proof;

35. For interest allowed by law; and

36. For such other and further relief as the Court may deem just and proper.

DATED: February 20, 2008            EPSTEIN BECKER & GREEN, P.C.

By: _____
Steven R. Blackburn
Joseph D. Miller
Jang H. Im

Attorneys for Defendant/Cross-Claimant
QUEST DIAGNOSTICS, INC.