| | |
|---|---|
| 1 | JACK C. PROVINE, SBN 052090 |
| | KATHRYN J. ALLEN, SBN 196544 |
| 2 | SHAPIRO BUCHMAN PROVINE & PATTON LLP |
| | 1333 N. California Blvd., Suite 350 |
| 3 | Walnut Creek, CA  94596 |
| | Telephone:    (925) 944-9700 |
| 4 | Facsimile:     (925) 944-9701 |
| 5 | Attorneys for Defendant and Cross-claimant |
| | NDM, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BONNIE REGINA, | | Case No. C07-03881JCS |
| | Plaintiff, | **DEFENDANT NDM, LLC'S ANSWER TO CROSS CLAIMS OF DEFENDANT QUEST DIAGNOSTICS, INC.** |
| v. | | |
| QUEST DIAGNOSTICS, INC., NDM, LLC; and DOES 1-25, Inclusive, | | |
| | Defendants. | |
| QUEST DIAGNOSTICS, INC., | | |
| | Cross-Claimant, | |
| v. | | |
| NDM, LLC and DOES 1-25, Inclusive, | | |
| | Cross-Defendant. | |

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

207271.2
20308-001

ANSWER TO CROSS-CLAIMS OF QUEST DIAGNOSTICS

Cross Defendant NDM, LLC ("NDM"), hereby answers the Cross Complaint of Quest Diagnostics, Inc. ("Quest") as follows:

1. NDM lacks sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 1, and on that basis denies them.

2. NDM admits the averments of paragraph 2.

3. The averments in paragraph 3 are legal conclusions that do not require response. To the extent any factual averments exist, if any in this paragraph, NDM lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

4. NDM denies the averments in paragraph 4.

5. NDM denies the averments in paragraph 5.

6. NDM admits the averments of paragraph 6, except lacks sufficient knowledge or information to form a belief as to whether plaintiff is disabled.

7. NDM admits the averments of paragraph 7.

8. NDM admits the averments of paragraph 8, except the averment at line 9, p. 3, that "the extension terminated on August 31, 2007", and the averment at lines 11 – 12, p. 3, that "Quest will have no interest in the Milvia premises after February 29, 2008."

9. NDM admits that neither Quest, nor its predecessor, Unilab, ever made any alterations; structural repairs; additions; or modifications to the building or its immediate surroundings. NDM lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 9, and on that basis denies them.

10. NDM lacks sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 10, and on that basis denies them.

11. NDM denies the averments in paragraph 11.

12. NDM denies the averments in paragraph 12.

## ANSWER TO FIRST CROSS CLAIM

13. NDM repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 12 as set forth herein.

SHAPIRO BUCHMAN PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

207271.2
20308-001

-2-

ANSWER TO CROSS-CLAIMS OF QUEST DIAGNOSTICS, INC.

14. NDM lacks sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 14, and on that basis denies them.

15. NDM denies the averments in paragraph 15.

16. NDM denies the averments in paragraph 16.

17. NDM denies the averments in paragraph 17.

### ANSWER TO SECOND CROSS CLAIM

18. NDM repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 17 as set forth herein.

19. NDM denies the averments in paragraph 19.

20. NDM denies the averments in paragraph 20.

### ANSWER TO THIRD CROSS CLAIM

21. NDM repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 20, as set forth herein.

22. NDM denies the averments in paragraph 22.

23. NDM denies the averments in paragraph 23.

24. NDM denies the averments in paragraph 24.

### ANSWER TO FOURTH CROSS CLAIM

25. NDM repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 24, as set forth herein.

26. NDM denies the averments in paragraph 26.

### ANSWER TO FIFTH CROSS CLAIM

27. NDM repleads and incorporates by reference its responses to the allegations contained in paragraphs 1 to 26, as set forth herein.

28. NDM admits that "Regina's Complaint for damages includes a claim for injunctive relief to correct the alleged ADA and the Act's violations at the Milivia premises." However, NDM denies the remaining averments of paragraph 28.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against NDM.

### SECOND AFFIRMATIVE DEFENSE

Quest's claims are barred, in whole or in part, by contractual provisions in a written lease agreement.

### THIRD AFFIRMATIVE DEFENSE

Quest's claims are barred, in whole or in part, by contractual indemnity provisions.

### FOURTH AFFIRMATIVE DEFENSE

Quest's claims are barred, in whole or in part, by equitable indemnity.

### FIFTH AFFIRMATIVE DEFENSE

Quest and/or its predecessors, agents, employees, servants and/or representatives, voluntarily and knowingly assumed the risk for any damages which Quest may have suffered, if any there be.

### SIXTH AFFIRMATIVE DEFENSE

NDM alleges that if Quest has in fact sustained any of the damages claimed herein, then Quest has failed to mitigate any such damages, thus barring recovery or reducing any recovery to the extent of Quest's failure to mitigate.

### SEVENTH AFFIRMATIVE DEFENSE

By reason of its own conduct, actions, inaction, and the provisions of a written contract, Quest is estopped from asserting the claims set forth in the Cross Complaint, and therefore is barred from the relief sought therein.

### EIGHTH AFFIRMATIVE DEFENSE

NDM alleges that Quest's damages, if any, were a direct and proximate result of Quest's

Shapiro Buchman Provine & Patton LLP
Attorneys At Law
Walnut Creek

207271.2
20308-001

-4-

ANSWER TO CROSS-CLAIMS OF QUEST DIAGNOSTICS, INC.

own, knowing and voluntary acts and omissions and failure to exercise due care, not the result of any act or omission of NDM.  The resulting damages, if any, sustained by Quest were caused or contributed to by the negligence, omissions, or intentional conduct of Quest.

### NINTH AFFIRMATIVE DEFENSE

NDM alleges that Quest's claims are barred under the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

If it is determined that NDM was negligent, said negligence was secondary and passive, as contrasted with the active and primary negligence of other parties to this lawsuit, and therefore Quest is not, as a matter of law, entitled to recovery from NDM on any theory of indemnity.

### Prayer for Relief

WHEREFORE, defendant prays that:

1. Quest take nothing by this action;

2. Any liability of NDM to provide compensation or perform injunctive should be barred or reduced consistent with the comparative fault of Quest or others;

3. NDM be awarded costs of suit and attorneys' fees herein; and

4. Any other relief the Court deems proper.

Dated:  March 11, 2008                SHAPIRO BUCHMAN PROVINE & PATTON LLP


                                     /s/ Jack C. Provine
                                    Jack C. Provine,
                              Attorneys for Defendant NDM, LLC

SHAPIRO BUCHMAN PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

207271.2
20308-001

-5-

ANSWER TO CROSS-CLAIMS OF QUEST DIAGNOSTICS, INC.