Steven R. Blackburn, State Bar No. 154797
Joseph D. Miller, State Bar No. 109032
Jang H. Im, State Bar No. 181836
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
jmiller@ebglaw.com
jim@ebglaw.com

Attorneys for Defendant/Cross-Claimant,
QUEST DIAGNOSTICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA,<br><br>               Plaintiff,<br><br>   v.<br><br>QUEST DIAGNOSTICS, INC.; NDM, LLC;<br>and DOES 1-25, inclusive,<br><br>               Defendants.<br>_____<br>NDM, LLC.;<br><br>               Cross-Claimant,<br><br>   v.<br><br>QUEST DIAGNOSTICS, INC., and DOES 1-<br>25, inclusive,<br>               Cross-Defendants | CASE NO.  C 07-03881-JCS<br><br>**E-Filing**<br><br>**DEFENDANT QUEST DIAGNOSTICS,<br>INC.'S ANSWER TO CROSS-<br>CLAIMANT NDM, LLC's CROSS-<br>CLAIM** |

Defendant/Cross-Defendant Quest Diagnostics, Inc. ("Quest") assert the following answer and affirmative defenses to Defendant/Cross-Claimant NDM, LLC's ("NDM") Cross-Claim:

1.      The statements in paragraph 1 are legal conclusions that do not require a response. To the extent any factual allegation exists in this paragraph, if any, Quest lacks sufficient

-1-

1  knowledge or information to form a belief as to their truth, and on that basis denies each and

2  every factual allegation contained therein.

3      2.    The jurisdictional allegations in paragraph 2 are legal conclusions that do not

4  require a response.  To the extent any factual allegation exists, if any in this paragraph, Quest

5  lacks sufficient knowledge or information to form a belief as to their truth, and on that basis

6  denies each and every factual allegation contained therein.

7      3.    The jurisdictional allegations in paragraph 3 are legal conclusions that do not

8  require a response.  To the extent any factual allegation exists, if any in this paragraph, Quest

9  lacks sufficient knowledge or information to form a belief as to their truth, and on that basis

10  denies each and every factual allegation contained therein.

11      4.    The venue allegation in paragraph 3 is a legal conclusion that does not require a

12  response.  To the extent there is any factual allegation in this paragraph, Quest lacks sufficient

13  knowledge or information to form a belief as to their truth, and on that basis denies each and

14  every factual allegation contained therein.

15      5.    To the extent there is any factual allegation in this paragraph, Quest lacks

16  sufficient knowledge or information to form a belief as to their truth, and on that basis denies

17  each and every factual allegation contained therein.

18      6.    Quest admits that it was the owner and operator of a business located at 2519

19  Milvia Street, Berkeley, California ("Milvia Premises").  Quest denies it was the owner of any

20  premises, public facility, and/or property located in Berkeley, California.  As to other factual

21  allegations in paragraph 6, Quest lacks sufficient knowledge or information to form a belief as to

22  their truth and on that basis denies each and every remaining factual allegation contained therein.

23      7.    Quest denies the subject real property—the Milvia Premises—was utilized by

24  Quest since 2001.  On or about 2001, the subject real property was leased to Unilab Corp.

25  ("Unilab")—Quest's predecessor-in-interest—from NDM for a three-year term beginning in

26  2001. Quest's interest in the subject real property did not begin until it purchased Unilab in 2003

27  and assumed the lease.  Quest admits it provides laboratory, diagnostics, and other medical

28  services but denies services were only for patients at Herrick Hospital (the "Property").  Quest

-2-

1    admits on or about September 12, 2001, Unilab and Cross-Claimant entered into a written lease

2    agreement (the "Lease") but denies it was entered for leasing the Property. Quest admits on or

3    about October 11, 2004, it entered into a written option to renew the Lease with Cross-Claimant

4    for a three-year term continuing until August 31, 2007 but denies it was for the Property. Quest

5    admits it was a holdover tenant after expiration of its Lease with Cross-Claimant but denies it

6    remained in possession after February 29, 2008. As to other factual allegations in paragraph 7,

7    Quest lacks sufficient knowledge or information to form a belief as to their truth and on that

8    basis denies each and every remaining factual allegation contained therein.

9        8.      Quest admits the Lease provisions cited in this paragraph are correct as worded

10    but as to any other factual allegations in paragraph 8, Quest denies each and every remaining

11    factual allegation contained therein.

12        9.      Quest admits on or about July 30, 2007, Plaintiff Bonnie Regina filed the

13    underlying action, naming both Quest and Cross-Claimant , alleging numerous federal and state

14    disability access violations with respect to the Milvia Premises. Quest further admits Plaintiff

15    seeks injunctive relief, statutory damages, general damages, treble damages, statutory attorney

16    fees, litigation expenses, costs, prejudgment interest, and other relief. As to other factual

17    allegations in paragraph 9, if any, Quest lacks sufficient knowledge or information to form a

18    belief as to their truth and on that basis denies each and every remaining factual allegation

19    contained therein.

20        10.     Quest admits on or about January 4, 2008, Cross-Claimant's counsel wrote a letter

21    to Quest demanding defense and indemnity in the underlying case. Quest admits on or about

22    January 8, 2008, Quest declined to provide such defense and indemnity. As to other factual

23    allegations in paragraph 10, if any, Quest lacks sufficient knowledge or information to form a

24    belief as to their truth and on that basis denies each and every remaining factual allegation

25    contained therein.

26        11.     Quest re-pleads and incorporates by reference its responses to the allegations

27    contained paragraphs 1 to 10 as set forth herein.

28

-3-

12.     Quest admits Cross-Claimant and Unilab entered into a written lease on or about September 12, 2001.  As to other factual allegations in paragraph 12, if any, Quest lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

13.     Quest denies it breached the Lease by failing to comply with statutes and ordinances required by paragraph 6 of the Lease.  Quest denies it is required to maintain, repair, and/or alter the Property under paragraph 7 of the Lease.  Quest denies it is required to indemnify, defend, and hold harmless Cross-Claimant under paragraph 9 of the Lease.  As to other factual allegations in paragraph 13, if any, Quest lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

14.     Quest lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 14 and on that basis denies each and every allegation contained therein.

15.     Quest denies it breached the foregoing Lease.  Quest further denies it is liable to Cross-Claimant for any liability incurred by Cross-Claimant for injunctive relief in the underlying action for repair and alteration of the Milvia Premises and compliance with federal and state disability access laws.  As to other factual allegations in paragraph 15, if any, Quest lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

16.     Quest re-pleads and incorporates by reference its responses to the allegations contained paragraphs 1 to 16 as set forth herein.

17.     Quest denies Cross-Claimant is entitled to indemnity and contribution from Quest on the basis of the written lease agreement between the parties.  As to other factual allegations in paragraph 17, if any, Quest lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every remaining factual allegation contained therein.

18.     Quest re-pleads and incorporates by reference its responses to the allegations contained paragraphs 1 to 18 as set forth herein.

-4-

19.    Quest denies Cross-Claimant is without fault with respect to the matters alleged in the underlying action and to any other claims or actions arising directly or indirectly from the matters described herein.    Quest further denies primary liability attaches to it from Cross-Claimant.    As to any other factual allegations in paragraph 19, if any, Quest lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies each and every allegation contained therein.

20.    Quest denies it is liable to Cross-Claimant for indemnity and contribution and for any and all monetary damages, statutory damages, injunctive relief, punitive damages, attorney fees, and/or costs that Cross-Claimant is found liable for.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Cross-Claimant fails to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Cross-Claimant's claim is barred, in whole or in part, by the applicable statute of limitations, laches, or other time limitations.

### THIRD AFFIRMATIVE DEFENSE

No covered alteration, structural repair, or addition to the Milvia Premises has been made by Quest or its predecessor-in-interest to the Milvia Premises while either leased or was in possession of it.

### FOURTH AFFIRMATIVE DEFENSE

Cross-Claimant has sole responsibility to keep the Milvia Premises compliant with all local, state, and federal regulations and laws.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's demand for corrective action to the Milvia Premises are, in whole or in part, permanent improvements and/or will yield a substantial benefit to Cross-Claimant.

### SIXTH AFFIRMATIVE DEFENSE

The Milvia Premises has been used as a medical office immediately prior to Quest or Unilab's lease and possession of it. Quest and Unilab continued and never changed the use of the Milvia Premises as a medical office after leasing and taking possession. Therefore, responsibility to keep the Milvia Premises compliant with all existing local, state, and federals rules and regulations are the sole responsibility of Cross-Claimant.

### SEVENTH AFFIRMATIVE DEFENSE

The cost of any curative action requested by Plaintiff dwarfs the total rent reserved. Therefore the cost of all curative action is the sole responsibility of Cross-Claimant.

### EIGHTH AFFIRMATIVE DEFENSE

The lease between Quest and the Cross-Claimant for the Milvia Premises was for a short term. Therefore the cost of all curative action is the sole responsibility of Cross-Claimant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's requested curative action will substantially benefit Cross-Claimant. Conversely, Quest will receive no benefit from the curative action. To force Quest to bear the cost of repair would unjustly enrich Cross-Claimant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's requested curative action requires structural changes to the Milvia Premises. Therefore the cost of all structural curative action is the sole responsibility of Cross-Claimant.

### ELEVENTH AFFIRMATIVE DEFENSE

Quest and Cross-Claimant did not contemplate or foresee Plaintiff's complaint or curative action request for the Milvia Premises. Therefore, the cost of such curative action is the sole responsibility of Cross-Claimant.

### TWELFTH AFFIRMATIVE DEFENSE

By reason of Cross-Claimant's own conduct, actions, or inaction, Cross-Claimant is estopped from asserting the claims set forth in the Complaint and therefore is barred from the relief sought therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Quest is informed and believes that Cross-Claimant failed to mitigate damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Cross-Claimant's cross-claim is insufficient to state a claim for relief against Quest because any damages suffered by Cross-Claimant were proximately caused by the conduct or omissions of other parties, persons or entities, for whose conduct or omissions Quest is not responsible. And that conduct or omissions were intervening or superseding causes of the damages allegedly suffered.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Paragraphs 6, 7, and 9 of the Milvia Premises lease between Quest and Cross-Claimant are unconscionable, illegal, and/or against public policy. As a result, these provisions cannot be enforced against Quest.

Defendant reserves its right to raise additional affirmative and other defenses that may become applicable to Cross-Claimant's cross-claims herein.

Defendant reserves the right to amend this Answer to include additional affirmative defenses upon completion of discovery.

WHEREFORE, Defendant Quest prays that:

21.    Cross-Claimant take nothing by this action;

22.    Defendant Quest be awarded costs of suit and attorneys' fees herein; and

23.    For such other and further relief as the Court deems proper.

DATED:  March 12, 2008                    EPSTEIN BECKER & GREEN, P.C.

By:  _____
        Steven R. Blackburn
        Joseph D. Miller
        Jang H. Im

        Attorneys for Defendant/Cross-Claimant
        QUEST DIAGNOSTICS, INC.

-7-