1    JACK C. PROVINE, SBN 052090
     KATHRYN J. ALLEN, SBN 196544
2    SHAPIRO BUCHMAN PROVINE & PATTON LLP
     1333 N. California Blvd., Suite 350
3    Walnut Creek, CA 94596
     Telephone:    (925) 944-9700
4    Facsimile:     (925) 944-9701

5    Attorneys for Defendant and Cross-claimant
     NDM, LLC

6

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   BONNIE REGINA, | Case No. C07-03881JCS |
| 12 | |
| 13               Plaintiff, | CROSS-CLAIMANT NDM, LLC's NOTICE |
|    v. | OF MOTION AND MOTION FOR |
| 14 | ADMINISTRATIVE RELIEF FROM |
|    QUEST DIAGNOSTICS, INC., NDM, | GENERAL ORDER 56 IN ORDER TO |
| 15   LLC; and DOES 1-25, Inclusive, | FILE A MOTION FOR SUMMARY |
| | JUDGMENT AGAINST CROSS- |
| 16 | DEFENDANT QUEST DIAGNOSTICS, |
|               Defendants. | INC. |
| 17 | |
| 18 | [Civ. LR 7-11; Gen. Order 56(8)] |
| 19 | Date: Submitted for Immediate Determinatin without Hearing [Civ. LR 7-11(c).] |
| 20 | |
| 21 | Judge: Magistrate Judge Joseph C. Spero |
| 22   QUEST DIAGNOSTICS, INC., | |
| 23 | |
| 24              Cross-Claimant, | |
|    v. | |
| 25 | |
| 26   NDM, LLC and DOES 1-25, Inclusive, | |
| 27              Cross-Defendant. | |

28

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

209494.1
20308-001                               MOTION FOR ADMINISTRATIVE RELIEF

## I.

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on the date set forth above the court will rule on the Motion of NDM, LLC's Motion for Administrative Relief from General Order 56 in Order to File a Motion for Summary Judgment against Cross-Defendant Quest Diagnostics, Inc.

This Motion is made pursuant to Civil Local Rule 7-11 and General Order 56. This Motion will be and is made and based on this Notice of Motion, Motion, Memorandum of Points and Authorities in Support thereof, the Declaration of Jack C. Provine, and on such other matters as the Court may consider at the time of ruling on the Motion.

## II.
## RELIEF SOUGHT

By this motion, Cross-Claimant NDM, LLC ("NDM") seeks relief from General Order 56, paragraph 2, which states (in part) "[a]ll other discovery and proceedings are STAYED unless the assigned judge orders otherwise." Specifically, NDM seeks an order from the Court granting administrative relief to permit the filing of a Motion for Summary Judgment against Cross-Defendant Quest Diagnostics, Inc. ("Quest").

## III.  POINTS AND AUTHORITIES

Good cause exists to grant the administrative relief requested. This is an Americans with Disabilities and California access case filed against the lessee and lessor of the subject real property. One key issue is liability as between Quest, the lessee, and NDM, the lessor, under a written lease agreement which provides clear guidance on this issue. Accordingly, a summary judgment ruling on the issue of liability between Quest and NDM under the written lease would promote more productive settlement discussions, and help to facilitate a full and final resolution of this case.

The Summary Judgment motion is directed towards the indemnity and contract rights vis-

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

209494.1
20308-001

-2-

MOTION FOR ADMINISTRATIVE RELIEF

à-vis the co-defendants and cross-defendants, NDM and Quest. The motion is not directed toward the defendants' possible joint and/or several liability to the Plaintiff. The bases of the Motion for Summary Judgment are threefold: First, the lease obligated Quest[1] to (a) to comply with all laws related to its particular use in the operation of its facility; (b) make repairs and alterations; and (c) indemnify NDM. By failing to do any of the foregoing, Quest breached the lease. Next, the written lease contains an express contractual indemnity provision, whereby Quest agreed to broadly indemnify NDM for all claims, no matter how caused.

## III.
## ARGUMENT

A.   **ADMINISTRATIVE RELIEF WILL PROMOTE A JUST, SPEEDY, AND INEXPENSIVE DETERMINATION OF THIS ISSUE OF LIABILITY.**

Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex v. Catrett* (1986) 477 US 317, 106 S.Ct. 2548, 2555.

B.   **RESOLUTION OF THIS LIABILITY ISSUE BY SUMMARY JUDGMENT WILL HELP FACILITATE SETTLEMENT OF THE CASE**

Summary Judgment is appropriate in cases where the remaining unresolved disputes are primarily legal, rather than factual in nature. See *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir.2004). The court may enter a summary ruling on the issue of liability alone, even though a genuine issue of material fact exists as to damages. Rule 56(d)(2). Resolution of the liability issue before trial is perhaps the most common example of the "partial summary judgment" procedure. See *Pacific Fruit Express Co. v. Akron, Canton, & Youngstown Railroad Co.* (9th Cir. 1975) 524 F2d 1025.

Here, resolution of liability as between NDM and Quest is necessary in order for the parties to meaningfully participate in settlement discussions. The parties have already agreed to execute a Consent Decree in order to resolve injunctive relief issues. (Provine Decl.para. 6). The

---

[1] Unilab was the initial lessor but Quest assumed the lease from Unilab. For convenience Quest and Unilab are referred to simply as Quest.

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

209494.1
20308-001

MOTION FOR ADMINISTRATIVE RELIEF

only remaining issues to resolve are monetary issues among all of the parties. (Provine Decl., para. 6).   In order to resolve monetary issues between NDM and Quest without further litigation, NDM and Quest would benefit from a judicial determination as to liability. (See Provine Decl., para. 6).

### IV.
### CONCLUSION

Good cause exists to grant administrative relief from General Order 56's stay on all proceedings in order to permit NDM to file a Motion for Summary Judgment.

By the Summary Judgment motion, NDM will establish all essential elements of Quest's breach of at least three material provisions of the lease.  Accordingly, there is no guennuine issue of material fact that Quest has violated the terms of the lease by its operation of a medical collection facility without performing the alterations and repairs necessary to operate lawfully as a public accommodation. Essentially, Quest has caused an action in abatement to be filed. The express terms of the lease define this as a breach of lease, at lessor's option.  Moreover, Quest breached its covenant to maintain and repair the premises in a safe condition, and Quest breached its covenant to indemnify NDM.  Although the extent of NDM's damages are not yet known, the fact of liability and damages is.  In addition, Quest has agreed by contract to hold NDM harmless from any claims for damages no matter how caused. The meaning of that clause is unambiguous under the lease. All that remains to be adjudicated is the extent of damages.

Resolving these key liability issues as between the two defendants (and cross-defendants) now will advance the case and possible final resolution since the defendants' respective potential responsibilities will be determined.

Dated: June 11, 2008                                    SHAPIRO BUCHMAN PROVINE & PATTON LLP


                                                        /s/ Jack C. Provine
                                                        Jack C. Provine,
                                                        Attorneys for Defendant NDM, LLC

SHAPIRO BUCHMAN
PROVINE & PATTON LLP
ATTORNEYS AT LAW
WALNUT CREEK

209494.1
20308-001

-4-                                    MOTION FOR ADMINISTRATIVE RELIEF