Joseph D. Miller, State Bar No. 109032
Leslie J. Mann, State Bar No. 95467
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
jmiller@ebglaw.com
lmann@ebglaw.com

Attorneys for Defendant/Cross-Claimant,
QUEST DIAGNOSTICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>QUEST DIAGNOSTICS, INC.; NDM, LLC; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | CASE NO. C 07-03881-JCS<br><br>**DECLARATION OF JOSEPH MILLER IN REPLY TO NDM'S MOTION TO OBTAIN ADMINISTRATIVE RELIEF** |
| NDM, LLC.;<br><br>　　　　Cross-Claimant,<br><br>　v.<br><br>QUEST DIAGNOSTICS, INC., and DOES 1-25, inclusive,<br><br>　　　　Cross-Defendants | |

I, Joseph D. Miller, declare:

1.　　I am a partner at the law firm of Epstein Becker & Green, attorneys of record for Quest Diagnostics, Inc. ("Quest") in this matter. I have personal knowledge of each of the facts in this declaration and if called upon to testify to them, I could and would competently do so.

2. This lawsuit involves a claim by Plaintiff, Bonnie Regina, who alleges that she is disabled, that Quest and NDM, LLC ("NDM") denied Ms. Regina access to the facilities at the premises, located at 2519 Milvia Street, Berkeley, California, in violation of the Americans with Disabilities Act. The case is governed by General Order 56.

3. At all relevant times NDM owned the premises and until February 2008, Quest leased the premises from NDM.

4. This case is scheduled for mediation with Daniel Bowling acting as mediator on June 17, 2008. The parties have exchanged initial disclosures and conducted a joint inspection, but otherwise there has been no discovery.

5. When counsel for NDM advised me that it wanted to file a motion for administrative relief, counsel for NDM did not tell me what relief was being sought. Accordingly, I asked NDM what the motion was intended to accomplish. – See email from Joseph D. Miller to Kathryn Allen attached as Exhibit 2 to the Declaration of Jack C. Provine in Support of Motion for Administrative Relief from General Order 56 in Order to File a Motion for Summary Judgment Against Cross-Defendant Quest Diagnostics, Inc.

6. After counsel for NDM advised me that they wanted to file a motion for summary judgment, I expressed my concern that there be insufficient time for Quest to conduct discovery to oppose the motion. *Id.* NDM did not respond to my inquiry and still has not.

7. Also, I advised counsel for NDM that in my view their requested relief was premature and that it made more sense to see what happened at the June 17, 2008 mediation. *Id.*

8. I invited NDM to contact me to discuss their motion for administrative relief. Attached hereto as Exhibit 1 is a true and correct copy of an email I sent to Kathryn Allen and Jack Provine on June 10, 2008 asking them to call me to discuss the matter. Counsel for NDM did not call me and instead filed its motion for administrative relief.

9. It is and always has been Quest's request that any motion for summary judgment not be heard until Quest has had sufficient time to complete the discovery it needs to oppose that motion, which Quest is entitled to under Federal Rules of Civil Procedure 56f.

- 2 -
SF:174971v1                                           Declaration of Joseph D. Miller
                                                      C07-03881JCS

1  I declare under the penalty of perjury that the following is true and correct and this
2  declaration was executed on June 12, 2008 in San Francisco, California.

                                    /s/
                              Joseph D. Miller

- 3 -

SF:174971v1                                          Declaration of Joseph D. Miller
                                                                  C07-03881JCS

# EXHIBIT 1

**From:** Joseph D. Miller
**Sent:** Tuesday, June 10, 2008 4:02 PM
**To:** 'Kathryn J. Allen'; 'Jack C. Provine'

Kathryn and Jack

I have been in meetings virtually all day. I see that initially we forgot to serve you and when we did serve you, we also served Mr. Kidron. Please accept my apologies. It should now be abundantly apparent that I was not engaging in hyperbole when I referred to secretarial flux.

I didn't hear from you today on your administrative relief motion. I am in the office mid afternoon tomorrow for a few hours if you want to discuss the matter. Frankly, it makes sense to me to see where we are after the mediation. Beyond that my primary concern is that the motion be filed after we have time to conduct the discovery needed to oppose the motion, which we are entitled to under Fed. R. Civ. Proc. 56(f).

JDM

6/11/2008