PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
BONNIE REGINA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REGINA, <br><br> Plaintiff, <br><br> v. <br><br> QUEST DIAGNOSTICS, INC.; NDM, LLC; and DOES 1-25, Inclusive, <br><br> Defendants. <br> _____ / | CASE NO. C07-03881 JCS <br> <u>Civil Rights</u> <br><br> **CONSENT DECREE AND [PROPOSED] ORDER** |

### CONSENT DECREE AND ORDER

1.   Plaintiff BONNIE REGINA filed a Complaint in this action on July 30, 2007, to obtain personal injury damages and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, QUEST DIAGNOSTICS, INC., NDM, LLC; and DOES 1-25, inclusive, relating to the condition their public accommodations.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.,* of the California Health and Safety Code by failing to provide full and equal access to the facilities at 2519 Milvia Street, Berkeley, California.

2.   Defendants QUEST DIAGNOSTICS, INC. and NDM, LLC deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C07-03881 JCS**

- 1 -

s:\jo\cases\q\quest diagnostics\pleadings\quest diagnostics - consent decree.doc

1  protracted litigation, and without the admission of any liability.

2

3  **JURISDICTION:**

4  3.  The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4.  In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5.  This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.  The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6.  Defendant Quest Diagnostics, Inc. has vacated the subject premises, and defendant NDM, LLC has withdrawn the property from the public rental market.  Therefore, the property will not be used as a public accommodation at this time.  Defendant NDM, LLC agrees that if the property is in future used as a public accommodation, it will be brought into full compliance with all access codes, including but not limited to provision of accessible entry, restroom, and parking. Plaintiff BONNIE REGINA and Defendant NDM, LLC agree and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**                                         - 2 -
**Case No. C07-03881 JCS**

s:\jo\cases\q\quest diagnostics\pleadings\quest diagnostics - consent decree.doc

stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7. The parties have not reached an agreement regarding the parties' claims and cross-claims for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court.

**ENTIRE CONSENT ORDER**:

8. This Consent Decree and Order constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to plaintiff's claims for injunctive relief only and does not resolve plaintiff's claims for damages, attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9. This Consent Decree and Order shall be binding on Plaintiff BONNIE REGINA; Defendants QUEST DIAGNOSTICS, INC. and NDM, LLC; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:** - 3 -
**Case No. C07-03881 JCS**

s:\jo\cases\q\quest diagnostics\pleadings\quest diagnostics - consent decree.doc

**INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action <u>only</u> and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims and cross-claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:** - 4 -
**Case No. C07-03881 JCS**

s:\jo\cases\q\quest diagnostics\pleadings\quest diagnostics - consent decree.doc

**TERM OF THE CONSENT DECREE AND ORDER**:

12.  This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY**:

13.  If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14.  Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: June 17, 2008

　　　　　　　　　　　　　/s/ Bonita (Bonnie) Regina　　　
　　　　　　　　　　　　　Plaintiff BONNIE REGINA

Dated: June 12, 2008

　　　　　　　　　　　　　/s/ Kimbra Lozano　　　
　　　　　　　　　　　　　Defendant QUEST DIAGNOSTICS, INC.

Dated: June 17, 2008

　　　　　　　　　　　　　/s/ Yochai (Joe) Kidron　　　
　　　　　　　　　　　　　Defendant NDM, LLC

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**     - 5 -
**Case No. C07-03881 JCS**

s:\jo\cases\q\quest diagnostics\pleadings\quest diagnostics - consent decree.doc

APPROVED AS TO FORM:

Dated: June 17, 2008
PAUL L. REIN
JULIE A. OSTIL
ANN M. WINTERMAN
LAW OFFICES OF PAUL L. REIN


\_\_\_\_/s/ Paul L. Rein_____
Attorneys for Plaintiff
BONNIE REGINA

Dated: June 12, 2008
JOSEPH D. MILLER
EPSTEIN, BECKER, and GREEN, PC


\_\_\_\_/s/ Joseph Miller_____
Attorneys for Defendants
QUEST DIAGNOSTICS, INC.

Dated: June 17, 2008
JACK C. PROVINE
KATHRYN J. ALLEN
SHAPIRO, BUCHMAN, PROVINE, AND PATTON, LLP


\_\_\_\_\_/s/ Jack Provine_____
Attorneys for Defendants
NDM, LLC

## **ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.


Dated:_____

_____
HON. JOSEPH C. SPERO
U.S. MAGISTRATE JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C07-03881 JCS**

– 6 –

s:\jo\cases\q\quest diagnostics\pleadings\quest diagnostics - consent decree.doc